UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BRIAN FARABEE,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Respondent. | Civil No. 2:25cv421 |

**FINAL ORDER**

Pending before the Court is Petitioner Brian Farabee's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 1. Therein, Petitioner challenges three assault and battery charges brought against him in 2023 arising from incidents alleged to have occurred while he was involuntarily confined at Eastern State Hospital (the "2023 charges"). Pet. at 2–6, ECF No. 1. The Petition alleges the following grounds for relief: (1) insufficient evidence to support a conviction for the 2023 charges; (2) violations of his constitutional right to a fair and speedy trial; (3) a violation his substantive due process rights arising from his placement in jail; (4) judicial bias; (5) collateral estoppel; and (6) violations of the equal protection clause. Pet. at 6–15, ECF No. 1.

The matter was referred to United States Magistrate Judge Lawrence R. Leonard ("Judge Leonard") for a Report and Recommendation ("R&R") pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b),

Local Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. On April 17, 2026, Judge Leonard issued an R&R recommending that the Petition (ECF No. 1) be dismissed because the allegations in the Petition do not satisfy the "in custody" requirement for relief under 22 U.S.C. § 2254, given that Petitioner had not been convicted of the 2023 charges at the time he filed his Petition. R&R at 5, ECF No. 26.[1] By copy of the report, each party was advised of the right to file written objections. *Id.* at 8. Objections were due by May 1, 2026. On April 27, 2026, Petitioner filed a Motion for Extension of Time to File Objections. Mot., ECF No. 28.[2] On May 5, 2026, Petitioner timely filed objections

[1] Judge Leonard also made recommendations regarding two virtually identical Motions for Declaratory Relief ("the Motions") filed by Petitioner (ECF Nos. 17, 20). R&R at 5–6, ECF No. 26. The Motions challenge Petitioner's incarceration at the Virginia Peninsula Regional Jail and seek his return to a state hospital for treatment. *Id.* at 5. As discussed in a separate Order (ECF No. 36), the Court finds it appropriate to address the Motions in a new and separate action—*Farabee v. Director of the Virginia Dep't of Corrections*, No. 2:26cv970 (E.D. Va. Sep. 15, 2026). Accordingly, the Court **DECLINES** to adopt or approve the findings and recommendations set forth in the R&R regarding the Motions, and the Motions for Declaratory Relief (ECF Nos. 17, 20) are **DISMISSED without prejudice**.

[2] Pursuant to the prisoner mailbox rule, a *pro se* prisoner's motion is "deemed filed" on the date it is given to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("We thus conclude that the Court of Appeals had jurisdiction over petitioner's appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 734 (4th Cir. 1991) (applying mailbox rule to § 1983 filings); *United States v. Hatala*, 29 F. Supp. 2d 728, 731 (N.D. W. Va. 1998) (applying mailbox rule to §2255 motions); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (applying mailbox rule to § 2254 petitions); *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (applying mailbox rule to § 1983 filings) (internal citations omitted). For good cause and consideration shown, the Motion for Extension of Time to File Objections (ECF No. 28) is **GRANTED**.

to the R&R. Obj., ECF No. 29. On May 29, 2026, Petitioner filed a second set of objections (ECF No. 31) to the R&R, which is not permitted and the Court now declines to consider. The Petition and the R&R are therefore ripe for adjudication. The Court, having reviewed the record and examined the objections filed by Petitioner to the R&R, and having made *de novo* findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the R&R (ECF No. 26) insofar as they relate to the Petition. It is, therefore, **ORDERED** that the Petition (ECF No. 1) is **DISMISSED** for lack of jurisdiction.[3]

The Clerk is **REQUESTED** to forward a copy of this Order to Petitioner and to counsel of record for the Respondents.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

September 16, 2026
Norfolk, Virginia

[3] Additionally, between May 13, 2026 and July 6, 2026, Mr. Farabee filed the following motions: (1) a Motion to Stay or Hold in Abeyance (ECF No. 30); (2) a Motion for a Copy of the Docket Sheet (ECF No. 32); (3) a Motion to Stay State Court Proceedings (ECF No. 33); (4) a Motion to Stay State Court Proceedings (ECF No. 34); and (5) a Motion for Appointment of Counsel (ECF No. 35). In light of the Court's ruling dismissing the Petition, which closes the instant case, these Motions (ECF Nos. 30, 32, 33, 34, 35) are **DISMISSED as moot**.